UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC BELL,
#248097,

      Plaintiff,                                 Civil Action No. 21-CV-11571

vs.                                        HON. BERNARD A. FRIEDMAN

MICHIGAN DEPARTMENT OF
CORRECTIONS, et al.,

      Defendants.
_____/

## OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT IN PART AND DROPPING CERTAIN DEFENDANTS

## and

## ORDER REQUIRNG SERVICE OF THE COMPLAINT ON THE REMAINING DEFENDANTS

      Plaintiff, an inmate at the Lakeland Correctional Facility in Coldwater, Michigan, has filed the instant civil rights complaint under 42 U.S.C. § 1983.  For the following reasons, the Court shall dismiss the complaint in part, drop certain defendants, and require that the complaint be served by the U.S. Marshals Service on the remaining defendants.[1]

      In his complaint, plaintiff names numerous prison officials employed at several different Michigan prisons.  Plaintiff alleges that defendants transferred him from prison to prison in retaliation for his various grievances and lawsuits and destroyed or lost his property in the process. Plaintiff also claims that prison officials have lost or misplaced his legal mail, lost legal documents necessary for him to prepare various court filings, and denied him care or accommodations for several medical conditions.  Plaintiff further claims that he has been denied hygiene products, including soap

---

[1]  The defendant reference numbers (i.e., Def. #1) used throughout this opinion and order track those used by plaintiff in his complaint.

and toothpaste, and that several defendants have verbally harassed him and/or wrongly denied or impeded his ability to file grievances.  Defendants also include two Michigan prison hearing officers who allegedly denied plaintiff due process during disciplinary proceedings.  Portions of plaintiff's complaint relate to allegations he raised in an earlier case, *Bell v. State of Mich. Admin. Bd. of Claims, et al.,* No. 20-CV-10193 (E.D. Mich.), which remains pending before this Court.[2]

**I. Legal Standards**

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Nonetheless, the Court is required by statute to dismiss an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted).  Stated differently, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 1983 states in relevant part:

---

[2] The instant complaint is more expansive than the one filed in 2020 in terms of defendants named, the time frame of the alleged deprivations, and the number of claims raised.  However, both complaints name defendants Washington, Lindsey, and Sims, alleging that Washington and Lindsey wrongfully interfered with plaintiff's grievances and Sims damaged plaintiff's personal property.

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To establish a prima facie case under § 1983, "a plaintiff must allege that []he was deprived of a right secured by the Federal Constitution or laws of the United States by a person acting under color of state law." *Paige v. Coyner*, 614 F.3d 273, 278 (6th Cir. 2010) (emphasis omitted).  "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, [the claim] must fail." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001).

**II. Partial Dismissal under § 1915(e)(2)(B)(ii)-(iii)**

   **A.  Claims Against the Michigan Department of Corrections**

The Michigan Department of Corrections ("MDOC") cannot be held liable under § 1983 because it is immune from suit pursuant to the Eleventh Amendment.  The Sixth Circuit has stated that

> [i]t is well established that § 1983 does not abrogate the Eleventh Amendment and that Michigan has not consented to the filing of civil rights suits against it in federal court. We have consistently held that neither MDOC nor the parole board is a "person" that may be sued for money damages under § 1983.

*Harrison v. State of Mich.*, 722 F.3d 768, 771 (6th Cir. 2013).  Plaintiff's claims against the MDOC (Def. #1) must be dismissed because they seek monetary relief against a defendant who is immune from such relief.

   **B.  Claims Against MDOC Directors and Prison Wardens**

No claim is stated as to defendants Washington and McKee (the Director and Deputy Director of the MDOC, respectively) or as to the wardens and assistant wardens of the prisons where

plaintiff has been incarcerated because the complaint fails to allege that they were personally involved in depriving plaintiff of any of his constitutional rights.

A supervisory official cannot be held liable under § 1983 unless a plaintiff can demonstrate that "the supervisor encouraged the specific instance of misconduct or in some other way directly participated in it." *Combs v. Wilkinson,* 315 F.3d 548, 558 (6th Cir. 2002). A plaintiff must show that the supervisory official "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct of the offending officers." *Id.* "Supervisory liability under § 1983 cannot be based on a mere failure to act but must be based upon active unconstitutional behavior." *Id.* Because plaintiff makes no such factual showing, the complaint must be dismissed as to Director Washington (Def. #2), Deputy Director McKee (Def. #3), Warden Lindsey (Def. #4), Warden Nagy (Def. #8), Assistant Deputy Warden White (Def. #9), Warden Warren (Def. #16), Assistant Deputy Warden Greason (Def. #17), Deputy Warden Chapman (Def. #18), Assistant Deputy Warden Stephenson (Def. #20), Warden Connie Horton (Def. #27), Assistant Deputy Warden Corrigan (Def. #28), Assistant Deputy Warden Lacrosse (Def. #32), Warden Rewerts (Def. #35), Assistant Deputy Warden Nevins (Def. #36), Warden Morrison (Def. #45), Deputy Warden Ault (Def. #46), and Assistant Deputy Warden Chrisman (Def. #47) for failure to state a claim on which relief may be granted.

**C.  Claims Against Corizon Health, Inc.**

Plaintiff next alleges that defendant Corizon Health, Inc. ("Corizon"), a health care corporation contracted by the MDOC, denied him care or accommodations for several medical conditions in retaliation for filing a § 1983 complaint in January of 2020.

In dismissing a § 1983 claim against this defendant, another judge in this district has stated that

> [§] 1983 imposes liability on an entity when it, under color of state law,
> violates a person's constitutional or statutory rights. *Monell v. Dep't*

> *of Soc. Servs.*, 436 U.S. 658, 692 (1978).  "[I]t is when execution of a *government's policy or custom* . . . inflicts the injury that the government as an entity is responsible under § 1983." . . . .
>
> Additionally, an entity cannot be held liable under § 1983 "solely because it employs a tortfeasor"—or, in other words, it cannot be held liable under § 1983 solely because of allegedly unconstitutional conduct by its employees or agents. *Monell*, 436 U.S. at 663.  Section 1983 permits suit against "a private entity that contracts to perform traditional state functions," but that contractor is only liable under a *Monell* claim "for a policy or custom of that private contractor, rather than a policy or custom of" a governmental entity.

*Doss v. Corizon Med. Corp.*, No. 18-CV-11930, 2019 WL 3842851, at *3 (E.D. Mich. Aug. 15, 2019). Like the plaintiff in *Doss*, plaintiff in this case "neither sufficiently identifies any allegedly unconstitutional, governmental custom or policy nor demonstrates that his alleged constitutional violation was a result of any unconstitutional, governmental custom or policy."  *Id*.  Plaintiff has also "failed to sufficiently identify any policy or custom employed by Corizon that caused his alleged constitutional violation."  *Id*.  Plaintiff's claims against Corizon (Def. #15) therefore fail to state a claim on which relief may be granted and must be dismissed.

### D.  Claims Regarding the Destruction of Plaintiff's Property

Plaintiff next alleges that defendants Scully (Def. #11), Garcia (Def. #12), Marsh (Def. #5), Sims (Def. #6), and McCumber-Henry (Def. #10) lost, destroyed, or stole his personal property. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984).  Further, "[s]tate tort remedies generally satisfy the postdeprivation process requirement of the Due Process Clauses."  *Fox v. Van Oosterum*, 176 F.3d 342, 349 (6th Cir. 1999).  If a plaintiff in a § 1983 action fails to plausibly allege the inadequacy of his or her state remedies, the case must be dismissed.  *See Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).  In the present case, plaintiff has neither alleged nor presented any facts suggesting that the available state remedies are inadequate.

Moreover, the Sixth Circuit has recognized that

> Michigan provides several adequate post-deprivation remedies, including Michigan Court Rule 3.105 that allows an action for claim and deliver[y], Mich. Comp. Laws § 600.2920 that provides for a civil action to recover possession of or damages for goods and chattels unlawfully taken or detained, and Mich. Comp. Laws § 600.6401, the Michigan Court of Claims Act, which establishes a procedure to compensate for alleged unjustifiable acts of state officials.

*Copeland v. Machulis*, 57 F.3d 476, 480 (6th Cir. 1995).  Because Michigan provides plaintiff with adequate post-deprivation remedies for the loss of his property, and because plaintiff makes no allegation to the contrary, the alleged unauthorized intentional deprivation of plaintiff's property does not rise to the level of a violation of due process.  Accordingly, these claims are dismissed as to all named defendants for failure to state a claim on which relief may be granted.

### E.  Claims Regarding Plaintiff's Grievances

Plaintiff next alleges that various defendants wrongly denied grievances and grievance appeals filed by plaintiff and/or failed to respond to plaintiff's follow-up inquiries regarding his grievances.  These allegations do not state a claim under § 1983.  The Sixth Circuit has held that "there is no constitutionally protected due process right to unfettered access to prison grievance procedures." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005).  Further, Michigan "state law does not create a liberty interest in the grievance procedure." *Keenan v. Marker*, 23 F. App'x 405, 407 (6th Cir. 2001).  Accordingly, these claims are dismissed as to all named defendants for failure to state a claim on which relief may be granted.

### F.  Claims Against Michigan Prison Hearing Officers

Plaintiff next alleges that two Michigan prison hearing officers, defendants McCoulum and Brawley, denied him due process during disciplinary proceedings.  The Sixth Circuit has stated that

> Michigan prison hearing officers are entitled to absolute immunity from liability with respect to their judicial acts.  Judicial immunity is

6

> overcome in only two circumstances . . . : First, a judge is not immune
> from liability for nonjudicial actions, i.e., actions not taken in the
> judge's judicial capacity. Second, a judge is not immune for actions,
> though judicial in nature, taken in the complete absence of all
> jurisdiction.

*Goldsmith v. Sharrett,* 614 F. App'x 824, 827 (6th Cir. 2015). Plaintiff does not allege that either of the two exceptions applies in this case. Plaintiff's claims against defendants McCoulum (Def. #29) and Brawley (Def. #48) therefore must be dismissed because they seek monetary relief against defendants who are immune from such relief.

### G. Claims Regarding Verbal Threats

Finally, plaintiff alleges that several defendants verbally threatened him. Allegations of verbal abuse and harassment by a prison official do not constitute cruel and unusual punishment under the Eighth Amendment, nor do they implicate any other constitutional or federal right. Allegations of such threats are therefore insufficient to state a claim under § 1983. *See Ivey v. Wilson,* 832 F.2d 950, 954-55 (6th Cir. 1987) (holding that "'verbal abuse' or 'harassment' or 'arbitrariness'" do not qualify as punishment under the Eighth Amendment). Verbal threats made in retaliation for filing a grievance are likewise not actionable. *See Carney v. Craven,* 40 F. App'x 48, 50 (6th Cir. 2002). "A verbal threat would be actionable under § 1983 only if it amounts to an assault, results in physical harm, or is part of a pattern of unnecessary and wanton abuse." *Guzinski v. Hasselbach*, 920 F. Supp. 762, 764 n.1 (E.D. Mich. 1996). Plaintiff's complaint does not contain such allegations. The Court shall therefore dismiss these claims as to all named defendants for failure to state a claim on which relief may be granted.

### III. Improperly Joined Parties

Plaintiff's complaint names 65 defendants regarding incidents that allegedly occurred as seven Michigan prisons, three of which – Lakeland Correctional Facility in New Haven, Michigan; Chippewa Correctional Facility in Kincheloe, Michigan; and Carson City Correctional Facility in

Carson City, Michigan – are located in the Western District of Michigan.  While plaintiff alleges that defendants at all seven prisons lost or damaged his property, wrongfully denied his grievances, and/or denied him adequate healthcare, he does not allege that the defendants employed at different facilities were acting in concert.  Rather, the complaint contains a series of alleged deprivations committed by different people at different facilities over the course of a 28-month period.

The Federal Rules of Civil Procedure limit the claims and defendants that may be joined in a single suit.  Rule 20(a)(2), which governs permissive joinder of defendants, states in relevant part:

> Persons . . . may be joined in one action as defendants if:
>
> > (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all defendants will arise in the action.

Explained differently,

> a prisoner like Plaintiff may not join in one complaint all of the defendants against whom he may have a claim, unless the prisoner satisfies the dual requirements of Rule 20(a)(2):
>
> > Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that [a multi]-claim, [multi]-defendant suit produce[s] but also to ensure that prisoners pay the required filing fees— for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.
> >
> > A buckshot complaint that would be rejected if filed by a free person—say, a suit complaining that A defrauded the plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in

8

> different transactions—should be rejected if filed by a
> prisoner.

*Miles v. Mich. Dep't of Corr.*, No. 18-CV-352, 2018 WL 2336926, at *3-4 (W.D. Mich. May 23, 2018)

(quoting *George v. Smith*, 507 F.3d 605, 507 (7th Cir. 2007)).

Federal Rule of Civil Procedure 21 states that "[m]isjoinder of parties is not a ground

for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop

a party."  Because various defendants are employed at Michigan prisons located in the Western District

of Michigan, the facts pertaining to those defendants occurred in that district, and these defendants

were impermissibly joined, the Court concludes that these defendants should be dropped and the

remaining claims against them dismissed without prejudice.  Plaintiff is free to file a separate

complaint, or complaints, in the Western District of Michigan naming these defendants, if warranted

by the facts and the law.

**IV. Conclusion**

Accordingly,


IT IS ORDERED that plaintiff's claims against defendants MDOC (Def. #1),

Washington (Def. #2), McKee (Def. #3), Lindsey (Def. #4), Marsh (Def. #5), Sims (Def. #6), Nagy

(Def. #8), White (Def. #9), McCumber-Henry (Def. #10), Scully (Def. #11), Garcia (Def. #12),

Corizon (Def. #15), Warren (Def. #16), Greason (Def. #17), Chapman (Def. #18), Stephenson (Def.

#20), Horton (Def. #27), Corrigan (Def. #28), McCoulum (Def. #29), Lacrosse (Def. #32), Rewerts

(Def. #35), Nevins (Def. #36), Morrison (Def. #45), Ault (Def. # 46), Chrisman (Def. #47), Brawley

(Def. #48), Rohrig (Def. #49), and Johnson (Def. #54) are dismissed.

9

IT IS FURTHER ORDERED that the remaining defendants employed at Michigan prisons located in the Western District of Michigan (Defs. #30-31, 33-34, 37-44, 50-53, 55-65) are dropped and all remaining claims against them are dismissed without prejudice.

IT IS FURTHER ORDERED that plaintiff's complaint be served upon the remaining defendants – Muzzin (Def. #7), Gross (Def. #13), Lamb (Def. #14), Neuberger (Def. #19), Jones (Def. #21), Orleanineo (Def. #22), P. Johnson (Def. #23), Trott (Def. #24), T. Johnson (Def. #25), and Rivard-Babisch (Def. #26) – by the U.S. Marshals Service, without prepayment of fees, pursuant to § 1915(d), and in accordance with its normal procedures.

s/Bernard A. Friedman

Dated: August 4, 2021
Detroit, Michigan

Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on August 4, 2021.

**Cedric Bell #**248097
LAKELAND CORRECTIONAL FACILITY
141 FIRST STREET
COLDWATER, MI 49036

s/Johnetta M. Curry-Williams
Case Manager

10