UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CEDRIC MARK EARSHIN
BELL,

        Plaintiff,

v.

MICHIGAN DEPARTMENT
OF CORRECTIONS, *et al*.,

        Defendants.

_____/

Case No. 2:21-cv-11571
District Judge Bernard A. Friedman
Magistrate Judge Anthony P. Patti

## REPORT AND RECOMMENDATION TO DENY WITHOUT PREJUDICE THE MOTION FOR TEMPORARY RESTRAINING ORDER / PRELIMINARY INJUNCTION (ECF No. 15)

**I.  RECOMMENDATION**: The Court should **DENY WITHOUT PREJUDICE** the motion for temporary restraining order / preliminary injunction (ECF No. 15).

**II.  REPORT:**

    **A.  Background**

Plaintiff initiated this case by naming sixty-five Defendants in a 68-page, verified complaint. (ECF No. 1, PageID.31-98.) Following the Court's August 4, 2021 opinion and order, only ten remain: (1) Lieutenant Muzzin at G. Robert Cotton Correctional Facility (JCF); (2) Gross, R.N. at Saginaw Correctional

Facility (SRF); (3) P. Lamb, R.N. at SRF; (4) Lieutenant Neuberger at Macomb Correctional Facility (MRF); (5) Correctional Officer Jones at MRF (Def. #21); (6) Lieutenant Orleanineo at MRF; (7) Accounting Technician P. Johnson at MRF (Def. #23); (8) Business Manager L. Trott at MRF; (9) T. Johnson, R.N. at MRF; and, (10) C. Rivard-Babisch, R.N. at MRF.  (ECF No. 6, PageID.413-414;[1] ECF No. 1, PageID.33-38, 49-51.)  Each of the remaining Defendants has appeared via counsel.  (ECF Nos. 23, 25, 27, 30.)

### B.     Instant Motion

In November 2021, while Plaintiff was incarcerated at SRF, he filed a document titled, "emergency order to show cause for preliminary injunction [(PI)] and temporary restraining order [(TRO)]."  (ECF No. 15, PageID.493.)  The motion requests appearance in this Court to show cause "why a preliminary injunction should not be issue[d] . . ." to enjoin a variety of actions.  (*Id.*, PageID.493-494.)  Over the space of 10-11 pages, Plaintiff touches upon, *inter alia*, retaliation, equal protection, Eighth Amendment cruel and unusual punishment, violations of the ADA, deliberate indifference, retaliatory treatment, retaliatory transfer, *etc*.  (ECF No. 15, PageID.494-504); yet, the only actual "relief sought" includes an "order of medical management" to "protect his medical well[-

---

[1] The Court recently entered an opinion and order (ECF No. 40) denying Plaintiff's motion for reconsideration (ECF No. 34).

]being and life due in great part to Defendants['] refusal to furnish the proper medical care needed for his medical condition and the medical supplies . . . ." (*Id.*, PageID.504.)  More specifically, Plaintiff's requests entry of a TRO or a PI that directs Defendants to:  (1) return Plaintiff's "bilateral metal AFO braces . . . [;]" (2) restore Plaintiff's "medical prescription orthopedic athletic shoes . . . [,]" as ordered and approved by Dr. Borgerding; (3) return him to "barrier free / wheel chair accessible housing due to fall risk[;]" (4) provide medical treatment for his liver and spine, as ordered by Henry Ford Hospital, Macomb McLaren Hospital, and Mt. Clemens Regional Medical Center; and, (5) "return [his] personal property . . . ."  (ECF No. 15, PageID.504-505.)  *See* E.D. Mich. LR 7.1(e)(2) (motions for injunctive relief).  Accordingly, my opinion appears in the form of a report and recommendation.  28 U.S.C. § 636(b)(1)(B) (magistrate judge submission of "proposed findings of fact and recommendations").

    **C.**    **Discussion & Conclusion**

Considering Plaintiff filed this motion while at SRF, and he was subsequently transferred to Alger Correctional Facility (LMF) in Michigan's upper peninsula (*see* ECF Nos. 37, 38), Plaintiff's requests (ECF No. 15) should be **DENIED WITHOUT PREJUDICE** as moot, with the possibility of renewal if these issues exist at his current residence.

3

### III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Fed. R. Civ. P. 72(b)(2) and E.D. Mich. LR 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

4

Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: June 30, 2022

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE